JHK:JPL
F.# 2010R00017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ZAREIN AHMEDZAY,
    also known as "Omar," and
ADIS MEDUNJANIN,
    also known as "Muhammad,"

                Defendants.

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 10-019 (S-1)(RJD)
(T. 18, U.S.C., §§
956(a)(1), 956(a)(2),
1001(a)(2), 2332a(a)(2),
2339B(a)(1),
2339B(d)(1)(A),
2339B(d)(1)(D),
2339B(d)(1)(E), 2339D(a),
2339D(b)(1), 2339D(b)(3),
2339D(b)(5), 2 and
3551 et seq.)

- - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy To Use Weapons Of Mass Destruction)

    1.    In or about and between September 2008 and September 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZAREIN AHMEDZAY, also known as "Omar," and ADIS MEDUNJANIN, also known as "Muhammad," together with others including Najibullah Zazi, did knowingly and intentionally and without lawful authority conspire to use one or more weapons of mass destruction, to wit: explosive bombs and other similar explosive devices, against persons and property within the United States, and in furtherance of the offense: (1) facilities of interstate and foreign commerce, to wit: email and the internet, were used, (2) one or more perpetrators, to wit: defendants

ZAREIN AHMEDZAY and ADIS MEDUNJANIN and others including Najibullah Zazi, traveled in interstate and foreign commerce, and (3) the offense and the results of the offense would have affected interstate and foreign commerce.

(Title 18, United States Code, Sections 2332a(a)(2) and 3551 et seq.)

COUNT TWO
(Conspiracy To Commit Murder In A Foreign Country)

2. In or about and between January 2008 and September 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere within the jurisdiction of the United States, defendants ZAREIN AHMEDZAY, also known as "Omar," and ADIS MEDUNJANIN, also known as "Muhammad," together with others, did knowingly and intentionally conspire to commit one or more acts outside of the United States that would constitute the offenses of murder and maiming if committed in the special maritime and territorial jurisdiction of the United States, and one or more of the conspirators did commit an act within the jurisdiction of the United States to effect an object of the conspiracy.

3. In furtherance of the conspiracy and to effect its objectives, the defendants ZAREIN AHMEDZAY and ADIS MEDUNJANIN, together with others, knowingly committed and caused to be committed, among others, the following:

OVERT ACT

a. On or about August 28, 2008, the defendants ZAREIN AHMEDZAY and ADIS MEDUNJANIN, together with another person, to wit: Najibullah Zazi, boarded a flight at Newark Liberty International Airport to fly from Newark, New Jersey to Doha, Qatar and Peshawar, Pakistan.

(Title 18, United States Code, Sections 956(a)(1), 956(a)(2) and 3551 et seq.)

COUNT THREE
(Providing Material Support
To A Foreign Terrorist Organization)

4. In or about and between September 2008 and January 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZAREIN AHMEDZAY, also known as "Omar," and ADIS MEDUNJANIN, also known as "Muhammad," together with others, did knowingly and intentionally provide material support and resources, as defined in 18 U.S.C. § 2339A(b), including currency, communications equipment and personnel, to a foreign terrorist organization, to wit: al-Qaeda, which has been designated by the Secretary of State as a foreign terrorist organization since 1999, pursuant to Section 219 of the Immigration and Nationality Act.

(Title 18, United States Code, Sections 2339B(a)(1), 2339B(d)(1)(A), 2339B(d)(1)(D), 2339B(d)(1)(E), 2 and 3551 et seq.)

4

## COUNT FOUR
(Receiving Military-Type Training From
A Foreign Terrorist Organization)

5. In or about and between August 2008 and October 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ZAREIN AHMEDZAY, also known as "Omar," and ADIS MEDUNJANIN, also known as "Muhammad," together with others, did knowingly and intentionally receive military-type training, as defined in 18 U.S.C. § 2339D(c)(1), from and on behalf of a foreign terrorist organization, to wit: al-Qaeda, which has been designated by the Secretary of State as a foreign terrorist organization since October 1999, pursuant to Section 219(a)(1) of the Immigration and Nationality Act.

(Title 18, United States Code, Sections 2339D(a), 2339D(b)(1), 2339D(b)(3), 2339D(b)(5), 2 and 3551 et seq.)

## COUNT FIVE
(Material False Statements)

6. On or about and between September 17, 2009 and September 18, 2009, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ZAREIN AHMEDZAY did knowingly and willfully make one or more materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the Federal Bureau of Investigation ("FBI"), which statements involved international and domestic terrorism, in that the defendant: (a) falsely stated

5

to Special Agents of the FBI that he had disclosed to them all of the locations he visited during his trip to Pakistan and Afghanistan, which trip occurred on or about and between August 28, 2008 and January 22, 2009, when, in fact, as he then and there well knew and believed, he had not disclosed to them all of the locations he visited during said trip; (b) falsely stated to Special Agents of the FBI that he had not had discussions with Najibullah Zazi about attending a camp to receive military-type training, when, in fact, as he then and there well knew and believed, he had had such discussions with Najibullah Zazi; (c) falsely stated to Special Agents of the FBI that he did not know whether Najibullah Zazi attended a camp to receive military-type training while in Pakistan, in or about and between August 28, 2008 and September 25, 2008, when, in fact, as he then and there well knew and believed, he did know that Najibullah Zazi attended a camp to receive military-type training while in Pakistan during that time period.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK